IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| vs. | ) | CRIMINAL ACTION 07-00410-KD |
| ARISTEDES BALBUENA, | ) | |
| Defendant. | ) | |

## ORDER

This action is before the Court on the defendant Aristedes Balbuena's motion to enforce agreement wherein he moves the Court to order the United States to file a motion for reduction of sentence based upon Rule 35(b) of the Federal Rules of Civil Procedure, the United States' response, and Balbuena's reply. (Docs. 64, 66, 67). Upon consideration, and for the reasons set forth herein, the motion is denied for lack of jurisdiction.

Background

Balbuena entered into a plea agreement and plead guilty to one count of conspiracy to possess with intent to distribute cocaine, a Schedule II controlled substance. (Docs. 24, 26). In the plea agreement, the United States and Balbuena agreed that the United States would have sole discretion to decide whether he provided substantial assistance and whether to file a Rule 35(b) motion. (Doc. 24, p. 6). In relevant part, the agreement states as follows:

> g. If the defendant provides full, complete, truthful and substantial cooperation to the United States, which results in substantial assistance to the United States in the investigation or prosecution of another criminal offense, a decision specifically reserved by the United States in the exercise of its sole discretion, then the United States agrees to move for a downward departure in accordance with Section 5K1.1 of the United States Sentencing Guidelines or Rule 35 of the Federal Rules of Criminal Procedure, whichever the United States deems applicable. The United States specifically reserves the right to make the decision relating to the extent of any such departure request made under this agreement based upon its evaluation of the nature and extent of the defendant's cooperation.

> The defendant understands that the United States will make no representation or promise with regard to the exact amount of reduction, if any, the United States might make in the event that it determines that the defendant has provided substantial assistance.

(Doc. 24, p. 5-6, ¶ 17(g)).

The parties also agreed as follows:

> 24. This document is the complete statement of the agreement between the defendant and the United States and may not be altered unless done so in writing and signed by all the parties.

(Doc. 24, p. 10).

Balbuena was sentenced on December 19, 2008. Pursuant to U.S. Sentencing Guidelines § 5K1.1, the United States moved for a downward departure of ten percent (10 %) off the low end of the Guideline amount on basis that Balbuena provided substantial assistance in the investigation and prosecution of others defendants including Cedric Preyear. (Doc. 66-1, transcript, p. 9-10). The United States explained that it requested only a 10% reduction because Balbuena had not been truthful about the quantity of drugs[1] with which he and Preyear were involved and that Balbuena had not promptly provided all his information, and had even "written a letter apologizing for not being forthcoming about Mr. Preyear's sources and about the other individuals that he knew Mr. Preyear was involved with." (*Id*. at p. 11). The United States further explained that it had to provide that letter to Balbuena's counsel and "to the individuals that Mr. Balbuena wants to cooperate against."[2] (*Id*.) The United States then stated that

---

[1] Balbuena initially stated that Preyear and he were involved with 60 kilograms but at sentencing, agreed they were involved with more than 150 kilograms of cocaine. (Doc. 66-1, p. 3).

[2] The United States argued that ". . . we have the difficulty of putting him on the stand and having to deliver this letter and having them say, well, you didn't tell the government all the information. You withheld, you have piece-milled it to the government." (Doc. 66-1, p. 15).


And we would ask the Court to acknowledge that we are going to give Mr. Balbuena the opportunity to cooperate on an individual that is being extradited from the country of Columbia, is in custody and should be here in April or May of this year. We also are going to give him [an] opportunity to cooperate on Mr. Preyear['s] sources of supply.

(Doc. 66-1, p. 12).

Balbuena's counsel argued for a reduction of twenty-five (25%) based on the previous cooperation and because Balbuena could provide an eye witness identification of the Columbian subject at issue. (Doc. 66-1, p. 13). The Court advised "[t]hat would be the basis for a Rule 35" stating that "[i]f I considered that today then there wouldn't be a basis for a Rule 35." (*Id.*) The United states responded that

. . . the individual, the Columbian, was indicted in 2004. So Mr. Balbuena had nothing to do with his charging. He stands ready to testify against him and we will get him in the United States and Mr. Balbuena will have the opportunity to go forward and have the opportunity for a Rule 35.

(Doc. 66-1, p. 13).

Balbuena's counsel also argued that Balbuena's difficulty in coming forward was because of concerns for ramifications against his family. (Doc. 66-1, p. 14). The United States responded that it had a "vested interest" in making sure that Balbuena "will stand ready to be willing" to provide information against the Columbian subject "when the time comes." (Doc. 66-1, p. 15).

The Court granted the motion and departed downward from 188 months to 160, which was a reduction of approximately 15% from the sentence as calculated.[3] The Court stated that

---

[3] The statutory mandatory minimum is 120 months and the maximum is life. 21 U.S.C. § 841(b)(1)(a). Based on criminal history points of II and a total offense level of 41, Balbuena's guideline range was calculated at 360 months to life. At the sentencing hearing, Balbuena agreed to the quantity and the United States agreed to forego the enhanced role in the offense. (Doc. 66-1 p 3, transcript). His base offense level was reduced from 41 to 38. The Court also gave Balbuena credit for acceptance of responsibility and ultimately, his guideline range was (Continued)

"[a]s the government has told you [] you have other opportunities to change that sentence." (Doc. 66-1, p. 17).

The Columbian subject at issue was subsequently brought to the United States and arraigned in April 2009. (Criminal Action No. 05-00013-CB, Doc. 90). Ultimately, he was set for jury selection on June 29, 2009. (*Id.*, Doc. 111, order on pretrial conference). On June 17, 2009, the Columbian subject filed a notice of intent to plead guilty. (*Id.*, Doc. 114). Balbuena was not identified in the factual resume. (*Id.*, Doc. 119).

In December 2009, Balbuena filed a 28 U.S.C. § 2255 motion to vacate his sentence. (Doc. 57). In that motion, he alleged that his counsel was ineffective because he failed to object to and correct at sentencing the calculation of drugs for which Balbuena was sentenced. (Doc. 57, p. 4). Balbuena alleged that his counsel told him the quantity would be corrected at sentencing, but then said it was too late to do so. (*Id.*). He also alleged that he asked counsel to appeal the incorrect calculation but counsel did not do so. (*Id.* p. 5). The motion was dismissed for lack of prosecution. (Docs. 59-61).

In August 2010, the Columbian subject was sentenced to 240 months. (*Id.*, Doc. 136). Balbuena was not identified in the offense conduct section of the presentence investigation report (*Id.* at Doc. 132). The United States did not call any witnesses to testify at the sentencing. (*Id.*, Doc. 155, sentencing transcript). Therefore, Balbuena did not testify against this defendant.

Statement of the law

The Eleventh Circuit Court of Appeals has explained the law applicable to a motion to enforce a plea agreement. In *United States v. Nance*, the circuit court set forth as follows:

---

reduced to 188 to 235 months. (*Id.* p. 8).

> Pursuant to Rule 35(b), "[u]pon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed.R.Crim.P. 35(b)(1).  As the language of the rule indicates, the district court may only reduce a defendant's sentence pursuant to Rule 35(b) upon the government's motion. *United States v. Howard*, 902 F.2d 894, 897 (11th Cir. 1990). The Supreme Court has held that this rule gives the government "a power, not a duty, to file a motion when a defendant has substantially assisted." *Wade v. United States*, 504 U.S. 181, 185, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992) (considering motions filed pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1); *see also United States v. McNeese*, 547 F.3d 1307, 1309 (11th Cir .2008) (applying *Wade* to Rule 35(b) motions).
>
> The Supreme Court elaborated that the government's discretion is such that federal district courts may review the government's refusal to file a substantial-assistance motion only if the defendant first makes a "substantial threshold showing" that the refusal was based upon an unconstitutional motive, such as the defendant's race or religion, or that the refusal was not rationally related to any legitimate government end. *Wade*, 504 U.S. at 185–87, 112 S.Ct. 1840 (quotation omitted). Further, the Supreme Court held that mere claims that a defendant provided substantial assistance and generalized allegations of the government's improper motive do not "entitle a defendant to a remedy or even to discovery or an evidentiary hearing." *Id*. at 186, 112 S.Ct. 1840.
>
> In addition, if the defendant makes a threshold showing that the government's refusal to file a substantial-assistance motion was a breach of the express terms of the plea agreement, an evidentiary hearing and relief may be appropriate. *See United States v. Forney*, 9 F.3d 1492, 1500–03 & nn. 2, 5 (11th Cir. 1993) (holding that judicial review of the government's refusal to file a § 5K1.1 motion is appropriate where the plea agreement contained a specific agreement by the government to file a substantial-assistance motion). However, where a plea agreement states only that the government will file a Rule 35(b) motion if it determines, in its "sole" discretion, that the defendant's cooperation qualifies as substantial assistance, the government does not breach the agreement by failing to file such a motion, and the district court has no jurisdiction to review the claim of breach. *Id*. at 1500–02 & n. 2.

*United States v. Nance*, 426 Fed.Appx. 801, 802-803 (11th Cir. 2011).[4]

---

[4] Unpublished opinions are not considered binding precedent, but may be cited "as persuasive authority." Eleventh Circuit Rule 36.2.

Analysis

Balbuena argues that at his sentencing in December 2008, the United States orally agreed to give Balbuena the opportunity to earn credit for substantial assistance and to file a Rule 35(b) motion in the future in exchange for his assistance with the prosecution of the Columbian subject.  Balbuena further alleges that the United States acted in bad faith and reneged on its agreement. Balbuena asserts that his eye-witness identification caused the Columbian subject to plea, but the United States negotiated the plea without giving Balbuena an opportunity to contribute to the negotiations. As evidence of bad faith, Balbuena argues that the United States coerced him to cooperate and deceived "the court to believe that it was going to file a Rule 35(b) reduction upon the prosecution of another defendant." (doc. 64, p. 7).  In support, Balbuena relies upon the transcript of his sentencing. (Doc. 64, Exhibits).

The United States responds that it did not orally agree to file a Rule 35(b) motion but agreed to allow Balbuena the opportunity to provide substantial assistance concerning the Columbian subject and earn a Rule 35(b) motion.  The United States argues that in exercising its "sole discretion", as agreed in the written plea agreement, it determined that Balbuena did not provide substantial assistance and undermined his credibility by filing the § 2255 motion.[5]  The United States points out that the Columbian subject's plea and sentence were secured without information from Balbuena and that while Balbuena had an opportunity, "it simply did not pan out". (Doc. 66).

Initially, the Court has reviewed the transcript and finds that at no time did the United

---

[5] The United States points out that Balbuena inconsistently stated the quantity of drugs with which he was involved. Initially, he underplayed the amount but admitted to a larger quantity at sentencing.  In his § 2255 motion, Balbuena argued that the quantity he admitted at sentencing was erroneous.

States promise to file a Rule 35 motion.  Rather the United States made clear that it was going to provide Balbuena the opportunity to cooperate, although Balbuena had previously hurt his ability to be a credible witness for the United States.  Where there is no "specific agreement requiring the [United States] to file a Rule 35(b) motion," this Court is authorized to review the decision only if it finds that the refusal was based on an unconstitutional motive, such as race or religion. *United States v. Ramos-Yanac*, 2011 WL 4840728, 1 (11th Cir. 2011).

Unfortunately, Balbuena further weakened his ability to be a credible witness by filing a § 2255 motion refuting the extent of his involvement in the crimes to which he pled.  Thus, the United States refused to file the motion because of Balbuena's previous untruthfulness, his continued inconsistent statements and the fact that he was not useful in the prosecution of the Columbian subject: these are not unconstitutional motives.

Conclusion

The Court finds that Balbuena has not made a substantial threshold showing that the United States' decision not to file a Rule 35(b) motion was based on an unconstitutional motive or not rationally related to a legitimate government end.  Therefore, this Court is without jurisdiction to provide any remedy or an evidentiary hearing. *See United States v. Solis-Caceres*, 440 Fed.Appx. 892, 894 (11th Cir. 2011) (citation omitted) (if there is "no substantial showing of an unconstitutional motive", a defendant is "not entitled to an evidentiary hearing.")

**DONE** and **ORDERED** on this the 20th day of March, 2012.

> s / Kristi K. DuBose
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**